THE MISSOURI VALLEY LAND COMPANY, APPELLEE, V. D. W. BUSHNELL AND JOHN POLLOCK, APPELLANTS.

1. **Practice:** PLEADING: DEMURRER. A demurrer to a petition only lies to the statement of facts constituting the supposed cause of action, not to the prayer for relief, which may be much in excess of what those facts warrant the court to grant.

2. ———: ———: JOINDER IN DEMURRER. It is a well-settled rule of practice that where several defendants join in a general demurrer to a petition which states a cause of action as to one of them, the demurrer will be overruled.

3. **Corporate Power.** Want of capacity in a corporation, which is the vendor in a contract for the sale of real estate, to take a title to or hold such property, cannot be successfully urged by the vendee or his assignee, to defeat a recovery of the agreed price, in an action on the contract.

4. ———. Where a corporation is incompetent by its charter to take a title to real estate, a conveyance to it is not void, but only voidable, and the sovereign only can object. It is valid until assailed in a direct proceeding for that purpose.

5. **Contract for the sale of real estate valid although not witnessed or acknowledged.** As between the parties to it, and as to those having knowledge of its existence, a written contract for the sale of real estate is valid although neither witnessed nor acknowledged.

6. **Fraud as a defense.** To make fraudulent acts available as a defense to an action, they must appear to have prejudiced him who pleads them. And in the absence of averment and proof to that effect, fraud cannot be presumed to have been injurious.

APPEAL from Washington county. One Blair contracted to sell one Bushnell certain lots, then assigned his interest to the S. C. & P. R. R. Co., appellee's grantor. Bushnell, who was to make deferred payments and pay subsequent taxes, assigned his interest to Pollock. Action to collect deferred payments and taxes paid. Defendants demurred, and demurrer being overruled, answered. Decree for plaintiffs and sale ordered, from which defendants appeal. Tried below before SAVAGE, J.

*L. W. Osborn,* for appellants, cited Gen. Stat., secs. 74, 75, 81, 85, 95, and 97, chap. XI. Id., 203. R. S., 1866, chap. 43, sec. 63.

*Joy & Wright,* for appellee, cited *Vose v. Woodford,* 29 Ohio St., 245. *Pottinger v. Garrison,* 3 Neb., 221. *Cowell v. Col. Springs Co.,* U. S., Oct. T., 1879. *Am. & Christian Union v. Yount,* U. S., Oct. T., 1879. *So. Pac. Ry. Co. v. Orton,* 9 Law Reporter, 133. *C., B. & Q. v. Lewis,* 4 N. W. R., 852. *State v. Sherman,* 22 Ohio St., 433. *National Bank v. Matthews,* 98 U. S., 621. *Wilber v. Paine,* 1 Ohio, 254. Kerr on Fraud and Mistake, 73–74.

LAKE, J.

The first objection made by appellants' counsel to the action of the district court is that "the demurrer to the amended petition asking a judgment for deficiency should have been sustained as to the defendant Pollock, he being only an assignee, and there being no privity of contract between him and the plaintiff."

To this objection it may be answered: *first*, that no such judgment is asked or rendered against the defendant Pollock; and *second*, that even if such had been the prayer of the petition, it would have been no ground of demurrer. A demurrer to a petition only lies to the statement of facts constituting the supposed cause of action, not to the prayer for relief, which may be much in excess of what those facts warrant the court to grant. Here the demurrer is by both defendants jointly and general. In such case if the petition state a cause of action against either of the defendants, the demurrer will be overruled as to both. This is a rule of practice which is well settled in this state. *Dunn v. Gibson*, 9 Neb., 513. We are not forced, however, to apply this rule, for, as we think, the facts alleged amply support the judgment which the court gave.

Under the second head of the appellants' brief, it is contended that the demurrer should have been sustained as to the defendant Bushnell also. This point is aimed at the very root of the plaintiff's case, the ground taken being that, as shown by the petition, the contract for the sale of the lots to Bushnell having been made by an agent, and in the interest of the Sioux City and Pacific Railroad Company, was absolutely void, for the reason that this company was not authorized by its charter to hold or deal in real estate of this description. Admitting all that is claimed as to the want of authority on the part of this company by its charter to take or hold real estate except for certain specified purposes, still the conclusion sought to be drawn therefrom does not follow. Authorities of the highest character are abundant to the effect that the appellants cannot successfully urge such incapacity, even if it existed, as a defense to an action upon this contract through which they have acquired and enjoyed property rights in the lots in question. Bush-

nell clearly recognized the authority of his vendor by taking the contract, and he does not complain that he has not received all that it was contemplated he should under it.

In *National Bank v. Matthews*, 8 Otto, 621, it is said that even " where a corporation is incompetent by its charter to take a title to real estate, a conveyance to it is not void, but only voidable, and the sovereign only can object. It is valid until assailed in a direct proceeding instituted for that purpose." To the same effect are the following: *Cowel v. Springs Company*, 10 Otto, 55. *Christian Union v. Yount*, 11 Id., 352. *Am. Bible Society v. Marshall*, 15 Ohio St., 537. *Notoma Water and Mining Co. v. Clarkin*, 14 Cal., 543.

In view of the concession made by the appellants, that the railroad company had power not only to acquire by gift, or purchase, such real estate as was necessary for the construction and operation of its road, but also to hold and control such other land as may have been granted to aid such construction, we might have disposed of this point upon this other and equally satisfactory ground, viz.: That it is not shown, either by averment or proof, how, or for what purpose, the interest of the company in this real estate, which Blair controlled for its benefit, was acquired. We are not at liberty to presume that in these dealings the company transcended its powers. Even if the plea of *ultra vires* were available to the defendants, it would be required of them first to aver and prove that the lands were not such as the company could legally hold and control.

The *third* point is barely worthy of a passing notice. It is that the contract, although in writing, "is void, and not sufficient in law to. create an interest or estate in lands." And why so? Simply because it was not witnessed and acknowledged as is required in the case of deeds of real estate under the recording act. The

record before us presents no ground on which to raise this question, for both the answer and the stipulation of facts admit the execution of the contract by the parties as alleged in the petition. But without this concession as between the parties to it and their privies, no rights of innocent third persons intervening, this contract is effective for all that its terms import. It is not a deed, as this word is commonly understood, but simply an agreement to make a deed upon the performance of certain stipulations by the purchaser of the lots. As between the parties to it, and also as to those having knowledge of its existence, it answers every requirement of the statute to secure to the vendee the whole interest which it purports to convey, and to protect him in it without further formality. Sec. 5, Ch. 25, Gen. Statutes, 392.

The *fourth* and only other point made in the brief, is that of assumed fraud in the auction sale of lots in the town of Blair, at which this purchase was made, by the employment of by-bidders to advance the prices, and by oral declarations on the day of sale that all purchasers of lots on certain streets would be required to make valuable improvements thereon as a condition precedent to the delivery of deeds therefor, which condition in several instances was not insisted upon, whereby, as is argued, those streets were not improved to the extent that purchasers of lots in that vicinity had a right to expect, and would have realized had the published conditions been strictly enforced in all cases.

There is no merit in this objection. It is not averred that these acts of alleged fraud resulted in any injury whatever to the defendants. It is not even intimated that these by-bidders bid on the two lots purchased by Bushnell, nor that their presence induced him to agree to pay more than they were worth, or than he

otherwise would have done. There is nothing either in the answer or evidence which would justify a court in drawing the inference that any of these acts of fraud influenced the conduct of either of the defendants in the remotest degree, or caused them the slightest damage. To make fraudulent acts available as a defense to an action, they must appear to have prejudiced him who pleads them. In the absence of averment and proof to that effect, fraud cannot be presumed to have been injurious. *Clark et al. v. Tennant*, 5 Neb., 549. We see no reason for disturbing the judgment of the district court, and it is affirmed.

·JUDGMENT AFFIRMED.