COLERIDGE CREAMERY COMPANY, APPELLEE, V. GEORGE W. JENKINS, APPELLANT.

FILED OCTOBER 22, 1902.   No. 12,148.

Commissioner's opinion, Department No. 2.

1. **Review:** INTERLOCUTORY ORDERS AND RULINGS. Interlocutory orders and rulings will not be reviewed on appeal.

2. **Sale of Realty:** CONTRACT: CORPORATION: ERECTION OF IMPROVEMENTS: ESTOPPEL. A party who has entered into a contract for the sale of real property to a corporation, in reliance whereon the corporation has erected valuable improvements on the property for the purposes of its corporate business, will not be heard to assert that such property was not necessary for the business of the corporation.

3. ———: ———: ———: ———: ———: STATUTE OF FRAUDS. Nor will such party be permitted to avail himself of the statute of frauds where improvements far exceeding the value of the land were made with his knowledge and participation and in reliance on the contract, although he did not at the time have title to or possession of the property he contracted to sell and on which the improvements were made.

4. **Where Vendor Becomes Owner:** SPECIFIC PERFORMANCE. Where

the vendor afterwards becomes the owner of land which he has contracted to convey, specific performance may be decreed.

5. **Conveyance:** PAYMENT: PRESUMPTION. When not otherwise expressed in such a contract, it is presumed that the land is to be acquired and conveyance made in a reasonable time, and that conveyance of the property and payment of the price are to be concurrent.

APPEAL from the district court for Cedar county. Heard below before GRAVES, J. *Affirmed.*

*R. J. Millard* and *Cassius H. Whitney,* for appellant:

It is not sufficient to show a contract of some kind, and that it has been in whole or in part performed by the complaining party. *Baker v. Wiswell,* 17 Nebr., 52; *Gates v. Gamble,* 53 Mich., 181. In this case the contract is not shown to have been performed, even in part.

The contract sought to be enforced must be clear, certain and unambiguous in its terms, and must be admitted by the pleadings, or proved with a reasonable degree of certainty. *Long v. Long,* 118 Ill., 638; *Gates v. Gamble, supra.*

*James C. Robinson, contra:*

Counsel for appellant appear to believe that it was essential that Mr. Jenkins should have been in possession or should have had the right of possession and the title to this property at the time he sold it to the appellee. But we submit that neither of these conditions was necessary in order to give the creamery company a perfect cause of action.

POUND, C.

This is a suit for specific performance, in which the defendant appeals from a decree granting the relief prayed. So far as complaint is made with reference to the pleadings, it is enough to say that after judgment the petition is to be construed liberally, and that the interlocutory orders and rulings upon motions directed to the

pleadings are not reviewable by appeal.  *National Life Ins. Co. v. Martin,* 57 Nebr., 350.

Coming to the merits of the cause, objection is made because the plaintiff, which is a corporation, has neither alleged nor proved that the property was necessary for its legitimate business, so as to come within the purview of section 124, chapter 16, Compiled Statutes.*  But it is alleged that the corporation, in reliance upon the contract, erected permanent improvements on the land to the amount of some $3,000, for the purposes of its corporate business.  The purchase price was only $60, and as the improvements are alleged to have been made with defendant's knowledge, and proved to have been made with his participation and active assistance as one of the company, it is manifest that to permit him to question the right of the corporation to take and hold the property at this time would result in a gross fraud.  The state is the proper party to inquire into this matter, and if the corporation holds too much land, proceedings in quo warranto will remedy the evil.  *Watts v. Gantt,* 42 Nebr., 869; *Missouri Valley Land Co. v. Bushnell,* 11 Nebr., 192.

Reliance is also had upon the statute of frauds, and it is contended that since the defendant did not have title to or possession of the property at the time the contract was made and the improvements erected, there has been no part performance sufficient to take the case out of the statute.  But defendant expected to procure the title he contracted to convey, and did afterwards procure it.  He participated actively in the transactions whereby the company, in reliance on the contract, took possession and made the improvements.  He can not avail himself of the statute under such circumstances.  The acts of the company are so palpably those of an owner, the disproportion between the value of the land and the amount of the improvements is so great, that no other construction than performance of a contract for purchase can be indulged.  *Poland v. O'Connor,* 1 Nebr., 50; *Baker v. Wiswell,* 17 Nebr., 52; *Haines v. Spanogle,* 17 Nebr., 637;

---

* Cobbey's Annotated Statutes, sec. 4117.

*Ford v. Steele*, 31 Nebr., 521. The vendor having afterwards acquired the land which he contracted to convey, specific performance may be decreed. *Filley v. Duncan*, 1 Nebr., 134, 137, 93 Am. Dec., 337.

Finally, it is argued that the contract is too indefinite in its terms to admit of specific performance, in that the time of performance is not fixed. The obvious answer is that in the absence of express stipulations the vendor would have a reasonable time in which to acquire title and make the conveyance, and the conveyance and payment of the price would be concurrent. Defendant having acquired title before suit was brought, no question as to time or possibility of performance is involved. All that is necessary is that the contract be such that an efficient decree for its specific performance may be made, which may be enforced when rendered. 3 Pomeroy, Equity Jurisprudence, sec. 1405.

The petition states a cause of action, and there is ample evidence to sustain the findings. We recommend that the decree be affirmed.

BARNES and OLDHAM, CC., concur.

By the Court: For the reasons set forth in the foregoing opinion, the judgment of the district court is

AFFIRMED.