In the Matter of the Estate of LOUISA C. CRAWFORD, Deceased.

**Collateral inheritance tax:** CHARITABLE BEQUESTS: EXEMPTION: APPOINTMENT OF TRUSTEE. {A bequest to a religious or charitable society incorporated under the laws of a foreign state, with power to expend the bequest wherever the society may see fit, is not exempt from the collateral inheritance tax: But when made to a local branch of such a society, as the Salvation Army, and to be expended within this state, the exemption applies, although the society may be incorporated elsewhere.

And the trust will not be allowed to fail though the trustee named has no legal existence; as the court in such cases may appoint a trustee.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

THURSDAY, JUNE 16, 1910.

THE opinion states the case.—*Affirmed.*

*H. W. Byers,* Attorney-General, and *George Cosson,* Assistant Attorney-General, for appellant.

*Blake & Wilson,* for appellee.

WEAVER, J.—Louisa C. Crawford died testate May 13, 1908. Of the provisions of her will the only one requiring consideration upon this appeal is the following: Item 14: "At the death of my husband, George W. Crawford, and when our homestead situated at No. 605 South Garfield avenue, is sold it is my wish and I hereby direct that from the proceeds of same, the sum of $2,000.00 shall be given to the Burlington, Iowa, branch of the Sal-

vation Army, for the following specific purposes: $1,000.00 of said sum to be expended in the purchase of a permanent home or hall for said army, and the remaining $1,000.00 to be paid said army and maintained as a fund to care for the sick or disabled members thereof." The will having been admitted to probate, the executor thereof filed a petition alleging that the paragraph above quoted was ambiguous and uncertain and asking a judicial construction of its terms with reference to the foregoing paragraph. Upon consideration of the matter thus presented, the court entered an order as follows: "It is ordered that the executor pay over to the Salvation Army, as provided in paragraph fourteen of the will of decedent, the sum of $2,000 from the proceeds of the sale of the homestead; George W. Crawford, the husband, appearing by J. T. Illick, attorney, and consenting thereto, said sum to belong to the Burlington, Iowa, branch of said Salvation Army, $1,000 thereof to be expended in the purchase of a permanent home or hall for said army, and the remaining $1,000 to be paid said army to maintain a fund to care for sick and disabled members thereof belonging to said Burlington branch of said Salvation Army."

Thereafter, difference of opinion having arisen upon the liability of said estate or a portion thereof to the assessment of a collateral inheritance tax, the executor filed in said probate proceedings another petition, setting up said paragraph of the will and the construction placed thereon by the court, and after alleging that the Treasurer of the State claimed said legacy to be subject to the collateral inheritance tax, and that such liability was denied by the beneficiaries of the gift, asked the court to determine whether said sum or any part of it was subject to be so assessed. To this proceeding the Salvation Army appeared and answered alleging that it is a charitable and religious organization which, though incorporated in New York, is engaged in charitable and religious work in Bur-

lington, Iowa, for which purpose it has a branch located in said city and is entitled to accept and administer the trust created by the will in aid of charitable and religious work in Iowa and to so receive and administer said fund exempt from collateral inheritance taxation. On the part of the state it was contended that, the Salvation Army not being incorporated in the state of Iowa, the fund so bequeathed in aid of its work is properly taxable under the terms of the statute. The trial court held and adjudged the fund to be exempt from taxation, and the state appeals.

The statute in question (Code Supp., section 1467) exempts from the inheritance tax all gifts and bequests "to or for charitable, educational or religious societies or institutions including hospitals, public libraries and public art galleries open to the free use of the public not less than three days of each week, within this state," etc. Stated briefly, the claim of the State Treasurer is that the exemption does not apply to a gift or bequest for the benefit of a corporation not organized under the laws of this state, and that the bequest here' in question is of that character. It must be admitted, we think, that a legacy to' or for the Salvation Army or other religious or charitable institution organized under the corporation laws of another state is not exempted from the inheritance tax. Such seems to be the express language of the act itself, and such is the holding of courts in other jurisdictions where like questions have arisen. *In re Prime's Estate,* 136 N. Y. 347, (32 N. E. 1091, 18 L. R. A. 713); *Humphreys v. State,* 70 Ohio St. 67 (70 N. E. 957, 65 L. R. A. 776, 101 Am. St. Rep. 888); *People v. Society,* 87 Ill. 246. In none of these cases upon which appellant relies to sustain its contention in the case at bar has the court been called upon to say whether a gift or bequest in the nature of a trust to be expended within the state for purely local benefit and local purposes may be held exempt. In *Humphreys v. State, supra,* the court, in upholding the general rule and

applying it to the case there presented, is careful to say: "The will of Mrs. Brown, who was a resident of Cincinnati, gave no direction to her executor or her legatees as to the place where the money should be expended, nor does it undertake to control the time or place of its expenditure. Once in the possession of these institutions, it may be disbursed as they deem proper, and all of it may be disbursed in communities beyond our borders. So we do not feel that we are adopting a narrow construction of our statute, if it appears that it undertakes to tax the right of foreign, though charitable, institutions to receive and so absolutely control the disposition of property owned by the testatrix in this state."

If, as we are inclined to hold, the deduction here suggested is sound, the bequest made by Mrs. Crawford may in our judgment be fairly held to come within the exemption. The gift is not to or for the Salvation Army. That body is given no power or authority to take it out of the jurisdiction of the state or to expend it for any other than the local purposes mentioned in the will. The trustee named for this purpose is not the Salvation Army, but the Burlington, Iowa, branch thereof. Whether such local branch has a distinct organization with any independent or autonomous functions is not shown in the record; but this it not a material inquiry, for, if the gift be construed as intended to aid the work of a definite local charity, the fact that the trustee named in the will has no legal existence or is without power to accept or administer the trust is immaterial, for the court will not permit the trust to fail for want of a qualified trustee and will itself name one if it becomes necessary. The distinction between a gift made generally to or for a charitable society organized in another state, and a gift made to aid the work of a strictly local charity with which the foreign society may be associated, is not a violent one, and promotes the apparent intention of the Legislature to relieve from the burden of

this tax moneys and property kept within the jurisdiction of the state and devoted to the amelioration of the condition of its own people. In the city of Des Moines, for instance are two hospitals established and maintained each by a great religious organization. If now it should happen that the churches, who are the organizers and promoters of these great charitable enterprises, and whose work in various lines is nation wide in its scope, should for business purposes incorporate themselves or some central board of trustees or other officers in the state of New York, would that fact be sufficient to charge an inheritance tax upon a gift by a resident of the state made for the specific purpose of erecting an addition to one of these hospital buildings or to endow additional beds for the use of the needy patients? To so hold would, we think, be an exceedingly narrow construction and involve a sacrifice of the real spirit and intent of the statute. To so hold is to impose no hardship upon any one. The state has no interest in crippling or burdening enterprises conceived, fostered and promoted solely for the relief of its needy or the advancement of the moral, social and religious interests of its people. We find no precedent inconsistent with the conclusion here indicated. The case is one involving the construction of our own statute, and we believe the judgment of the trial court is in harmony with its manifest spirit and purpose.

It follows that the appeal can not be sustained, and the judgment appealed from is *affirmed.*