Lord v. Shultz.

Note—See Criminal Law, 16 C. J. p. 153 n. 69; p. 298 n. 44—Juries, 35 C. J. p. 260 n. 89; note in 20 L. R. A. n. s. 1013; 16 R. C. L. 233.

C. J. LORD, APPELLEE, V. LENHART M. SHULTZ ET AL., APPELLANTS.

FILED NOVEMBER 19, 1926.   No. 25409.

1.  Corporations: TITLE TO LAND: STATE ALONE MAY QUESTION. Notwithstanding the provisions of chapter 60, art. V (secs. 5686-5690) Comp. St. 1922, where, in settlement of a *bona fide* indebtedness to a foreign corporation secured by a real estate mortgage and lawfully created, such corporation accepts and receives a transfer of real estate, situated in this state, in part other than that embraced in its mortgage, *held*, that its title to all or any portion of said land can be tested and challenged only by proceedings brought by the state for that purpose.

2.  ———: CONVEYANCE OF LAND: BONA FIDE PURCHASER. Although a corporation may have acquired real estate in such a manner as to render it subject to be escheated to the state by proper action begun for that purpose, yet if such corporation shall, prior to the commencement of such proceedings to escheat, make a *bona fide* sale or conveyance of said real estate for value, the purchaser at such sale will take a good title thereto.

3.  *Gould v. Board of Home Missions*, 102 Neb. 526, distinguished.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE.  *Affirmed.*

*Morsman, Maxwell* and *Haggart,* for appellants.

*Kehoe & Verret, contra.*

Heard before MORRISEY, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, DISTRICT JUDGE.

EBERLY, J.

This is an action in the district court for Douglas county, Nebraska, for the specific performance of a valid, written contract for the sale of the following real estate: The south half of the northeast quarter, the north half of the southeast quarter, the southwest quarter of the southeast quarter, and the southwest quarter of section 6, township 18 north, range 5 east of the 6th P. M. Plaintiff prevailed. From a decree in his favor, defendants appeal.

By agreement of the parties, the case is here presented in the form of a case stated under rule 14 (94 Neb. XIII) of this court. The question presented by the record for determination is whether a title to real estate, concededly otherwise good and merchantable, is to any extent or any degree impaired or invalidated by the following facts which appear as part of the record in the case.

On October 2, 1922, John Arthur, then owner in fee simple, mortgaged 200 acres of above land situated in east half of said section to the Thompson Realty Company, a foreign corporation, to secure the sum of $21,000 then due and payable from the mortgagor to the mortgagee. On November 21, 1923, pursuant to an agreement of settlement between John Arthur and the Thompson Realty Company, the 360 acres of land above described, including the 200 acres mortgaged, and the southwest quarter of the section, not described in the mortgage, were by deed of general warranty conveyed to the Thompson Realty Company in full satisfaction of the indebtedness of John Arthur, the mortgagor and grantor of the deed, and a release of the mortgage was contemporaneously executed and delivered and recorded by the Thompson Realty Company. On November 10, 1924, the title thus received by the Thompson Realty Company purports to have been conveyed by a deed of general warranty (and also by correction deed of later date) to the plaintiff herein.

At the time of the above transactions the Thompson Realty Company was a corporation duly organized under the laws of North Dakota, in 1903, and authorized and em-

powered by that state to do a general real estate and loan business, with its principal office located at Cando, North Dakota. It also appears that on March 25, 1926, John Arthur duly executed and delivered to plaintiff a quitclaim deed quitclaiming to plaintiff all right, title, and interest of the grantor in and to the premises first herein described. So far as the record discloses, no action to enforce an escheat has been commenced by the state. These transfers to and from the Thompson Realty Company are a part of plaintiff's chain of title upon which he relies to establish a good and merchantable title to said real estate, and the question for decision in this case is whether or not plaintiff, on the facts above set forth, has a "good and merchantable title" to the land.

The questions presented are not free from difficulty. The provisions of our statutes, relating to the matter, seem to be the following:

"Aliens and corporations not incorporated under the laws of the state of Nebraska are hereby prohibited from acquiring title to or taking or holding any land, or real estate, or any leasehold interest extending for a period for more than five years, or any other greater interest less than fee in any land, or real estate in this state by descent, devise, purchase or otherwise, only as hereinafter provided." Comp. St. 1922, sec. 5687.

"This article shall not, nor shall anything in the statutes of Nebraska, prevent the holders, whether aliens or corporations not organized under the laws of the state of Nebraska, of liens upon real estate or any interest therein, whether heretofore or hereafter acquired, from holding or taking valid title to the real estate subject to such liens, nor shall it prevent any such alien or corporation from enforcing any lien or judgment for any debt or liability now existing, or which may hereafter be created, nor from becoming a purchaser at any sale made for the purpose of collecting or enforcing the collection of such debt or judgment: Provided, however, all lands so acquired shall be sold within ten years after the title thereto shall be per-

fected in such alien or foreign corporation, and in default of such sale within such time, such real estate shall revert and escheat to the state of Nebraska, as provided in this article." Comp. St. 1922, sec. 5690.

"Foreign corporations shall have the right to receive, take, purchase and hold, by mortgage or otherwise, any securities and liens executed, given or transferred or so intended to represent or secure loans upon or purchase-money of lands or other property situate or being in this state, and to sell, assign, transfer, and to sue upon, foreclose or otherwise enforce the same heretofore or hereafter acquired." Comp. St. 1922, sec. 641.

In a case between devisee and heir involving the effect of statutes, this court construed the provisions of sections 5687, 5690, Comp. St. 1922, and held: "Under section 6273, Rev. St. 1913, corporations not incorporated under the law of the state of Nebraska are prohibited from taking or holding lands in this state in trust for the use and benefit of another. The power to raise the question of the right of the corporation to take the property is not confined to the state, but the question may be raised by the heir or next of kin in an action to quiet title." *Gould v. Board of Home Missions,* 102 Neb. 526. From this determination, Letton and Hamer, JJ., dissented. In this connection we assume, but do not decide, that the clause in the statutes in force, at the time this decision was made, "and it shall be the duty of the county attorney in the counties where such lands are situated to enforce forfeitures of all such lands as provided by this article," relates to land acquired by corporations organized under the laws of other states as well as by land acquired by aliens, and for the purposes of this case it will also be assumed that specific performance of a contract will not be enforced at the instance of the vendor who fails to tender a "good and merchantable title" to all the lands. But, even on the basis above indicated, is the doctrine in *Gould v. Board of Home Missions, supra,* controlling in the present case?

Lord v. Shultz.

The case cited, it is to be remembered, involves a will and arose between heirs of the deceased and his devisee. In the instant case the grantor, for a valuable consideration received from the grantee, executed a deed of general warranty which, in terms, conveys the fee simple title now questioned.

This conclusion challenges our attention to *Kennett v. Kidd,* 87 Kan. 652. In this case the supreme court of Kansas say: "Counsel for the defendant cite *Investment Co. v. Trust Co.,* 65 Kan. 50, holding that under the alien land act the state was the only party who could insist upon a forfeiture, but a different question was there involved and the decision is not applicable." It may be said in passing that the Kansas statute in force when *Investment Co. v. Trust Co., supra,* was decided resembled very much our present alien act, and, in fact, some of its provisions were identical. This act (Laws 1891, ch. 3, sec. 1) expressly provides: "That a nonresident alien, * * * or corporation incorporated under the laws of any foreign country, shall not be capable of acquiring title to or taking or holding any lands or real estate in this state by descent, devise, purchase or otherwise," except (the fact in the case of *Investment Co. v. Trust Co., supra,* did not bring it within any exception contained in this statute) ; nevertheless, the Kansas court held that a corporation, as owner of rights by purchase for valuable consideration in real estate or as purchaser for valuable consideration under the provisions of this act, could be challenged only by the state of Kansas, and that the state of Kansas only could insist upon forfeiture. Thus, it will be seen that the supreme court of Kansas, as well as other courts hereinafter referred to, concur in the view that a different rule applies where the party challenging the right of the opposing party to acquire, take or hold real estate, is an heir, and when the party challenging is the grantor or a person claiming by, through, or under some grantor.

Statutes of wills, it has been justly observed, are enabling acts, and prior to the statute of 32 Henry VIII (5 St.

at Large, cap. 1) there was no general power at common law to devise land. The power was opposed to the feudal policy of holding lands inalienable without the consent of the lord. Our state has adopted the common law so far as applicable, and also has enacted a statute of wills. It would seem to follow that every person must therefore devise his lands in this state within the limitations of our statute or he cannot devise them at all; in other words, the power to devise must be exercised strictly in accord with the terms and conditions prescribed by the sovereign. *United States v. Fox,* 4 Otto (U. S.) 315.

It is also to be remembered that an ordinary devisee does not ordinarily occupy the position of purchaser for value. Nor is the heir of a testator as to land devised, subject to estoppels created by deed.

A will speaks only from the death of the testator; title is never in abeyance, but can be considered as passing only pursuant to a valid devise. Under these circumstances there would appear to be no legal obstructions to an heir rightfully challenging the validity of a devise of any of the provisions thereof. This is the foundation on which the opinion in *Gould v. Board of Home Missions, supra,* really proceeds. On the other hand, in principle, a grantor who has received a valuable consideration for property conveyed by his deed, executed and delivered; as well as all claiming by, through, or under him, would be estopped from interfering with the possession or the title of the grantee acquired thereby.

It should be noted in passing that the writer of the opinion in *Gould v. Board of Home Missions, supra,* cites, in support of the principle announced in the syllabus, hereinbefore quoted, the following cases: *United States v. Fox,* 4 Otto (U. S.) 315; *Kennett v. Kidd,* 87 Kan. 652; *Proctor v. Board of Trustees,* 225 Mo. 51; *Matter of Estate of McGraw,* 111 N. Y. 66; *De Camp v. Dobbins,* 31 N. J. Eq. 671; *Wunderle v. Wunderle,* 144 Ill. 40.

All of these cases involve the right of heirs claiming as such against persons and corporations disqualified to ac-

Lord v. Shultz.

quire and hold real estate. In none of these cases were the opposing parties grantees for valuable consideration. Five of the six cases were between heir and devisee. In three of the cases above named the court, in the opinion, while determining that an heir could rightfully raise the question of the right of the opposing party to take and hold real estate by right of inheritance or devise, and finding that, where such opposing party was prohibited from doing so by statute, the devise was void and the heir was a proper party to present the question, also took occasion during the course of the opinion to distinguish the cases then before them from the cases wherein the grantor, or person claiming under him, seeks to recover from a grantee of a deed in conveyance executed and delivered. See *Matter of Estate of McGraw*, 111 N. Y. 66, *De Camp v. Dobbins*, 31 N. J. Eq. 671, and *Kennett v. Kidd*, 87 Kan. 652.

In short, not one of the cases cited in the opinion of *Gould v. Board of Home Missions, supra*, would be authority for the propositions of law therein laid down as applied to a grantee of a deed executed and delivered for a valuable consideration. But all of the cases cited are unquestionably in point as controlling authority in the case then before our court.

It may be said *arguendo* that under the provision of section 641, Comp. St. 1922, foreign corporations are given practically unlimited power to make loans, to take securities therefor, "to sell, assign, transfer, and to sue upon, foreclose or otherwise enforce the same heretofore or hereafter acquired." This is an independent act passed in 1911 and has never been construed by this court. There would seem no question in this view of our law of the right of the foreign corporation to make loans and enforce the same, not only by suits and foreclosures, but in addition to "otherwise" enforce the same. In view of this situation the following rule is of interest: "Such a provision is intended to prohibit the company from purchasing, holding, or dealing in real estate directly, and in a manner unconnected with the lawful and proper management and control of its

business, and not to prevent it from acquiring an interest in land incidentally whenever, in the proper exercise of its powers, it becomes necessary for it to do so in order to protect its legal rights." 2 Fletcher, Corporations, sec. 1088.

However, this view of the question has not been referred to or discussed by any of the briefs, and therefore in the determination of this suit we assume, though we do not decide, that while the Thompson Realty Company was owner of the title of the land involved in this action, especially the 160 acres not covered by the mortgage, its title and ownership was subject to successful challenge by the state.

However, the realty company has made a transfer of that title by properly executed deeds of conveyance to a purchaser for valuable consideration; and the second question to which we must address ourselves is: Does such purchaser take the title relieved from the claims of the state?

This court, in effect, determined the affirmative of this question in *Missouri Valley Land Co. v. Bushnell,* 11 Neb. 192, wherein it established the rule in this jurisdiction to be: "Where a corporation is incompetent by its charter to take a title to real estate, a conveyance to it is not void, but only voidable, and the sovereign only can object. It is valid until assailed in a direct proceeding for that purpose." See, also, *Coleridge Creamery Co. v. Jenkins,* 66 Neb. 129. This conclusion seems to be supported by the weight of authority. *State v. American Baptist Home Mission Society,* 96 W. Va. 447, 37 A. L. R. 200, and note; *State of Oklahoma v. Benevolent Investment & Relief Ass'n,* 107 Okla. 228, 37 A. L. R. 190.

This conclusion is in accord with the well-established principle of construction that all laws should be construed with the view of upholding, and not unsettling, land titles.

It follows, therefore, that the title vested in plaintiff under the facts in this record at the time of the commencement of these proceedings in the court below was a "good and merchantable title," and the judgment of the district court

in decreeing a specific performance is right and should be, and is,

AFFIRMED.