In re Estate of Anna L. Halstead, deceased.  Woman's
Division of Christian Service of the Board of Missions
and Church Extension of the Methodist Church,
appellant, v. Buffalo County, Nebraska, et al.,
appellees.

46 N. W. 2d 779

Filed March 16, 1951.    No. 32900.

*Dryden, Jensen & Dier,* for appellant.

*R. L. Haines, John M. Neff,* and *Cook & Ross,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

The primary question in this case is whether a testamentary bequest or devise to Mothers' Jewels Home of York, Nebraska, an exclusively charitable institution or foundation caring for orphans and dependent children at York, Nebraska, was subject to inheritance taxes or exempt therefrom by virtue of Laws of Nebraska, 1947, c. 262, § 3, p. 852, designated as section 77-2007, R. S. Supp., 1947. We conclude that it was exempt from inheritance taxes.

Since Laws of Nebraska, 1949, c. 241, § 3, p. 655, effective March 16, 1949, now section 77-2007.04, R. R. S. 1943, is not applicable, its provisions will not be discussed.

In a proceeding in rem upon issues appropriately presenting the question, the county court assessed an inheritance tax for Dawson County of $2,588.59 and for Buffalo County of $4,187.83. The amount of such taxes is not in dispute if legally assessable. Upon appeal therefrom, the district court entered an order sustaining re-

spective general demurrers interposed by each of the counties to appellant's amended and supplemental petition on appeal, and upon its refusal to plead further, entered a judgment dismissing such petition at appellant's cost and overruling its motion for new trial. Therefrom an appeal was taken to this court, contending that the order and judgment were contrary to law. We sustain that contention.

At the outset it should be stated that a general demurrer admits all allegations of fact in the pleading to which it is addressed, which are issuable, relevant, material, and well pleaded; but does not admit the pleader's conclusions of law or fact. Johnson v. Marsh, 146 Neb. 257, 19 N. W. 2d 366.

In that connection, a general demurrer tests the substantive legal rights of parties upon admitted facts, including proper and reasonable inferences of law and fact which may be drawn from facts which are well pleaded. If the petition states facts which entitle the plaintiff to relief, whether legal or equitable, it is not demurrable upon the ground that it does not state facts sufficient to constitute a cause of action. Central Nebraska Public Power & Irrigation Dist. v. Walston, 140 Neb. 190, 299 N. W. 609; 1 Bancroft, Code Pleading, § 183, p. 313.

In the light thereof, we have examined appellant's petition. The will of testatrix attached to and made a part thereof, directed the named executor to pay all of her just debts and expenses, and further provided that in the event her personal assets should be insufficient to meet all of such expenses and pay the cash bequests, the same should be a charge upon the real estate thereafter devised, to be divided in such proportions against such real estate as her executor might direct. Among other things, she provided: "I give, devise and bequeath to Mothers Jewels Home at York, Nebraska" certain described real property in Dawson County. She then directed the executor to sell certain described real

property in Buffalo County, the proceeds to be used in paying bequests and expenses under the terms of her will, and after certain cash bequests to other individuals, it provided: "All the rest and residue of my estate, I give, devise and bequeath to Mothers Jewels Home of York, Nebraska." The will then appointed George A. Munro of Kearney, Nebraska, executor of the estate and gave and granted to him full power and authority to sell and transfer any part or portion of her estate, including real estate, if necessary to carry out the provisions of the will without any order having been first obtained from the district court. In conformity therewith, the property was sold by the executor.

Concededly, as admitted by the demurrers, Mothers' Jewels Home, a Nebraska charitable institution, was established in York, Nebraska, in 1889 for exclusively religious, charitable, and educational purposes in caring for orphans and dependent children. The institution or foundation has been supported entirely by gifts and bequests from individuals and organizations interested in such a charitable project, all of which gifts and contributions are used exclusively for such objects and purposes in the State of Nebraska. No part of such gifts or contributions are ever owned or used for the financial gain or profit of anyone or inure to the benefit of any private stockholder or individual. The property of Mothers' Jewels Home is owned and generally controlled by appellant, a New York religious, philanthropic, and educational corporation domesticated in this state, but Mothers' Jewels Home itself, although not separately incorporated, is an institution or foundation operated by a superintendent, resident in Nebraska, who supervises and controls the expenditure of all moneys received by the institution for the local charitable uses and purposes aforesaid.

The petition alleged, and appellant argued, that the bequest and devise of testatrix to Mothers' Jewels Home, a Nebraska charity, was, in effect, as intended by her,

the gift of a charitable trust fund to be administered by it exclusively for the care and support of orphans in Nebraska, the charitable objects and purposes for which the institution was established and continued to exist. In view of the fact that appellant was a foreign corporation and Mothers' Jewels Home was not a separately incorporated entity, and neither was capable of acting as trustee, it was alleged that the court having original and concurrent jurisdiction could appoint a suitable trustee to administer the trust. It prayed that the judgment assessing the taxes should be reversed and the taxes assessed be cancelled. We sustain that contention.

As a matter of course, neither the district court nor the county court would have any authority to appoint a trustee in this proceeding, but, as hereinafter observed, the district court would have such authority in an appropriate proceeding brought for that purpose.

With relation to inheritance taxes, section 77-2007, R. S. Supp., 1947, provides: "(1) All bequests, legacies, devises or gifts, to or for the use of any corporation, organization, association or foundation organized and operated exclusively for religious, charitable or educational purposes, no part of which is owned or used for financial gain or profit to either the owner or user or inures to the benefit of any private stockholder or individual, or to a trustee or trustees exclusively for such religious, charitable or educational purposes, shall not be subject to any tax. * * *"

In In re Estate of Robinson, 138 Neb. 101, 292 N. W. 48, this court held, in construing and applying such provisions: "It is a well-accepted rule of construction that a legislative act granting powers, privileges or immunities to corporations must be held to apply only to corporations created under the authority of that state over which such state has the power of visitation and control, unless a contrary intent is plainly expressed in the terms of such legislation.

" 'Statutes exempting certain legacies from an inheritance tax should be strictly construed. To be exempt from an inheritance tax, a. legacy must come within the strict letter of the statutory exemption.' "

It will be noted, however, in such case that the bequest was " 'to Yale University, of New Haven, Connecticut, to be its absolutely,' " a foreign educational corporation located in another state, which neither rendered nor was required by the will to render any services to or in this state. Thus this court concluded that it could not claim any right of exemption from inheritance taxes.

In re Estate of Sautter, 142 Neb. 42, 5 N. W. 2d 263, substantially reaffirmed and applied the foregoing rules. It will be noted, however, that the devisees and legatees specifically named as taking property or money upon which inheritance taxes had been assessed therein were all foreign corporations or associations as distinguished from Nebraska corporations, organizations, associations, or foundations.

They are distinguishable from the case at bar wherein the bequest and devise was given to a Nebraska institution, foundation, or organization established and existing in this state, for exclusively charitable uses and purposes in this state. Mothers' Jewels Home, the donee, was not such a legal entity as could take the title or act as trustee, but the gift was not to or for the Woman's Division of Christian Service of the Board of Missions and Church Extension of the Methodist Church. It was nowhere mentioned in the will. Neither was it given any power or authority therein to take the bequest or devise out of the jurisdiction of this state or expend it for any other than the local charitable objects and purposes for which Mothers' Jewels Home was organized and established.

As stated in Zollmann, Charities, § 370, p. 251: "What induces testators to execute gifts in favor of unincorporated charitable associations is unquestionably the char-

itable nature of the work which they are doing. There is every reason, therefore, why the court should hold such gifts, though they are absolute in form, to be charitable in fact. Extrinsic evidence may establish the charitable nature of such donations and is admissible to identify the legatee, and the identification of certain legatees necessarily characterizes legacies as charitable. The very name of certain organizations indicates clearly that their general purposes are charitable. Where the purposes of such societies under their present mode of existence give them no power to devote property to, other than charitable uses, it is impossible for them, while they continue to be what they are, to expend their property for any other than charitable purposes. It follows that an absolute gift to them constitutes a charity. It is the design of the donor to consecrate his gift to the legitimate purposes of the society. His intent is as clearly manifested as it would be had he expressly declared that it should be applied to the very uses for which the association exists. A gift to a charitable or religious organization, without more, is, therefore, in trust for the purposes of the organization and ex vi termini is a donation to charity." In re Estate of Douglass, 94 Neb. 280, 143 N. W. 299, Ann. Cas. 1914D 447, is cited in the note as authority for the statement. By analogy, the rule would have application to an orphans' home, such as Mothers' Jewels Home.

See, also, Zollmann, Charities, § 140, p. 93, wherein it was said: "Courts * * * will look to the conveyance which the donor has made, the objects which they are fitted to accomplish, and the agencies whose employment he has directed, and will endeavor to frame them into a consistent and harmonious plan in accordance with his leading intention. They will exercise great vigilance to see that no change is made, either in the application of the charity, or in its management that would be in conflict with his declared intention." See, also, Hobbs v. Board of Education, 126 Neb. 416, 253

N. W. 627; In re Estate of Harrington, 151 Neb. 81, 36 N. W. 2d 577; 14 C. J. S., Charities, § 11, p. 437; 11 C. J., Charities, § 11, p. 307.

In In re Estate of Peterson, 202 Minn. 31, 277 N. W. 529, it was held: "A devise or bequest, although in form an outright gift, yet when made to an institution whose sole reason for existence and whose entire activity is charitable, is in purpose and practical effect a charitable trust."

As stated in the opinion: "In form these are direct gifts to named beneficiaries, each of which is a charitable activity, an institution established and functioning solely for such purposes. In consequence, we hold, in line with many courts, that a devise or bequest, although in form an outright gift, yet when made to an institution whose sole reason for existence and whose entire activity is charitable, is in purpose and practical effect a charitable trust. In such cases the recipient * * * takes, not beneficially, but as trustee, to use the funds in furtherance of these charitable purposes."

As stated in 10 Am. Jur., Charities, § 102, p. 659: "The fact that charitable bequests are exempt from inheritance taxes does not modify the common-law rule that bequests for charity should be construed liberally for the purpose of upholding them whenever possible."

We conclude that the gift in the case at bar was a devise or bequest to an institution or foundation established in Nebraska as trustee exclusively for charitable purposes or uses within this state, as provided in section 77-2007, R. S. Supp., 1947. In other words, it was in the nature of a charitable trust ineffectual for want of a trustee competent to take and administer it, but in such cases a court of equity in appropriate proceedings for that purpose will give its aid and appoint a trustee who can administer it. Gould v. Board of Home Missions, 102 Neb. 526, 167 N. W. 776. As stated in that opinion: "If, on the other hand, it is a charitable trust and ineffectual for want of a trustee competent to

take and administer it, a court of equity will give its aid and appoint a trustee, if need be, who can administer it." See, also, 14 C. J. S., Charities, § 6, p. 427, citing Nebraska cases.

In that connection, section 30-239, R. R. S. 1943, specifically provides: "No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses which shall in other respects be valid under the laws of this state, shall be invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same. If in the instrument creating such gift, grant, bequest or devise, there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes, shall vest in such trustee. If no trustee shall be named in such instrument, or if a vacancy occurs in the trusteeship, then the trust shall vest in the district court for the proper county, and shall be executed by some trustee appointed for that purpose by or under the direction of the court; and the court may make such orders or decrees as may be necessary to vest the title to such lands or property in the trustee so appointed."

In Stork v. Evangelical Lutheran Synod, 129 Neb. 311, 261 N. W. 552, it was said: "So it is a rule of this court, as well as the majority of other state courts, that a charitable trust will not fail because the trustee is incompetent to take charge of it." It was further said: "The supreme court of Iowa has taken the same view. In In re Estate of Crawford, 148 Ia. 60 (126 N. W. 774), there was a gift for the Salvation Army. That body was given no power or authority to take it out of the state and the trustee named was the Burlington, Iowa, branch of the Salvation Army."

In re Estate of Crawford, 148 Iowa 60, 126 N. W. 774, Ann. Cas. 1912B 992, so cited with approval by this court, affirmed the trial court's judgment that the bequest was exempt from inheritance taxes. That case

was in all material respects identical with the case at bar, and we adopt its logic. Therein a bequest was made to the Burlington, Iowa, branch of the Salvation Army, a New York corporation. Here it was given to Mothers' Jewels Home of York, Nebraska, a branch of the Woman's Division of Christian Service of the Board of Missions and Church Extension of the Methodist Church, a New York corporation. Therein the state claimed that an inheritance tax should be assessed under a statute comparable with our own, contending that the exemption therein could not be applied to a gift or bequest to a corporation not organized under the laws of that state. Such a contention is here made by the appellees.

In that opinion it was said: "It must be admitted, we think, that a legacy to or for the Salvation Army or other religious or charitable institution organized under the corporation laws of another state is not exempted from the inheritance tax. Such seems to be the express language of the act itself, and such is the holding of courts in other jurisdictions where like questions have arisen. In re Prime's Estate, 136 N. Y. 347, (32 N. E. 1091, 18 L. R. A. 713); Humphreys v. State, 70 Ohio St. 67, (70 N. E. 957, 65 L. R. A. 776, 101 Am. St. Rep. 888); People v. Society, 87 Ill. 246." It could as well also have cited In re Estate of Robinson, *supra,* and In re Estate of Sautter, *supra.*

In that connection, the opinion also said: "In none of these cases upon which appellant relies to sustain its contention in the case at bar has the court been called upon to say whether a gift or bequest in the nature of a trust to be expended within the state for purely local benefit and local purposes may be held exempt. * * *

"If, as we are inclined to hold, the deduction here suggested is sound, the bequest made by Mrs. Crawford may in our judgment be fairly held to come within the exemption. The gift is not to or for the Salvation Army. That body is given no power or authority to take it out

of the jurisdiction of the state or to expend it for any other than the local purposes mentioned in the will. The trustee named for this purpose is not the Salvation Army, but the Burlington, Iowa, branch thereof. Whether such local branch has a distinct organization with any independent or autonomous functions is not shown in the record; but this is not a material inquiry, for, if the gift be construed as intended to aid the work of a definite local charity, the fact that the trustee named in the will has no legal existence or is without power to accept or administer the trust is immaterial, for the court will not permit the trust to fail for want of a qualified trustee and will itself name one if it becomes necessary. The distinction between a gift made generally to or for a charitable society organized in another state, and a gift made to aid the work of a strictly local charity with which the foreign society may be associated, is not a violent one, and promotes the apparent intention of the Legislature to relieve from the burden of this tax moneys and property kept within the jurisdiction of the state and devoted to the amelioration of the condition of its own people. * * * The state has no interest in crippling or burdening enterprises conceived, fostered and promoted solely for the relief of its needy or the advancement of the moral, social and religious interests of its people. We find no precedent inconsistent with the conclusion here indicated."

Other questions have been argued and presented, but as we view it, they require no discussion.

For the reasons heretofore stated, the judgment should be and hereby is reversed and the cause is remanded, with directions to enter a decree in conformity with this opinion, finding and adjudging that the bequest and devise were exempt from inheritance taxes in both counties, and cancelling assessment of the same.

REVERSED AND REMANDED WITH DIRECTIONS.