LAWRENCE MICHAEL DEARNALY WILSON ET AL., APPELLEES,
v. STATE OF NEBRASKA, APPELLANT.
IN RE ESTATE OF SIDNEY F. WILSON.
LAWRENCE MICHAEL DEARNALY WILSON ET AL., APPELLEES,
v. STATE OF NEBRASKA, APPELLANT.
237 N. W. 2d 835

Filed January 15, 1976. Nos. 40147, 40148.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellant.

Jeffrey D. Toberer of Kennedy, Holland, DeLacy & Svoboda, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

These cases involve the right of nonresident aliens to

acquire real estate in Nebraska by purchase and devise. Case No. 40147 is an action to quiet title. Case No. 40148 is an appeal from a decree in a proceeding in the county court of Box Butte County, Nebraska, to probate the will of Sidney Fielden Wilson, deceased. The cases were consolidated for trial in the District Court. Since each case involves the same question they have been considered together in this court.

Sidney Fielden Wilson was a citizen and resident of England. In 1914 he purchased a quarter section of land in Box Butte County, Nebraska. He died on March 29, 1961, testate. His will, which was admitted to probate in England on July 10, 1961, devised the property in trust with the income to be paid to his widow, Rosalind Wilson, during her lifetime. The widow died on December 2, 1969. Upon her death the property was to be divided among the testator's three children, Lawrence Michael Dearnaly Wilson, Mary Rosamond Wilson, now Mary Rosamond Griffin, and Nancy Wilson, now Nancy Page Thomas.

The will was admitted to probate in the county court of Box Butte County, Nebraska, on December 31, 1973. The county court found, however, there was no property to be assigned to the devisees named in the will because the interest of the deceased had vested in the State of Nebraska.

The District Court found the title to the property should be quieted in the three surviving children of the deceased who were to have 1 year from the date of the judgment in which to sell the property. In the event the property was not sold within the time provided, the property would then escheat to the State of Nebraska. The State has appealed.

Since at least 1889 the laws of this state have provided that nonresident aliens are prohibited from acquiring title to real estate by descent, devise, or purchase except as provided by statute. See § 76-402, R. R. S. 1943. The State contends that Sidney Fielden Wilson

did not acquire an interest in the land because of the statute, and as a result the land escheated to the State.

The statute further provides it shall be the duty of the county attorney to commence legal actions to enforce and declare escheats and forfeitures when they occur. See § 76-408, R. R. S. 1943. At any time before proceedings for forfieture have been instituted or before final decree, the widow, heirs, or devisees of a deceased nonresident alien may have the land sold as in partition and the proceeds divided according to the interests of the parties as if there had been no escheat. See § 76-409, R. R. S. 1943. Despite the internal reference which now appears in section 76-408, R. R. S. 1943, the section applies to sections 76-401 and 76-402, R. R. S. 1943. See Shames v. State, 192 Neb. 614, 223 N. W. 2d 481. To the extent Semrad v. Semrad, 170 Neb. 911, 104 N. W. 2d 338, may be in conflict it has been overruled.

The rule is well established in many states that an alien may hold and convey the title to land if no proceedings have been brought by the state to declare an escheat. The rule is stated in 27 Am. Jur. 2d, Escheat, § 22, p. 889, as follows: "If an alien acquires land by purchase, it is a positive rule of law that an inquest of office must be found, or other judicial proceedings brought, before an escheat is established or title vests in the state. * * * An alien's equitable estate in land, created by deed or will, does not escheat to the state until there has been an adjudication of escheat. Even a statute forbidding aliens to hold real estate has been held not to affect the title of an alien grantee before an adjudication of escheat. Before an inquest, the alien may defend his possession and may even maintain an action for the recovery of the possession. He may also make a valid conveyance of the land and may thereby defeat the right of the state to an escheat." See, also, 3 C. J. S., Aliens, § 23, p. 808; 30A C. J. S., Escheat, § 7, p. 936; Annotation, 23 A. L. R., § IV, p. 1244; 5

Thompson on Real Property, § 2513, p. 396; 5 Tiffany, Law of Real Property (3d Ed.), § 1377, p. 216; III American Law of Property, § 12.69, p. 328; Lord v. Shultz, 115 Neb. 33, 211 N. W. 210.

The provisions in the Nebraska law requiring the county attorney to bring an action to have an escheat declared, and the provision authorizing a sale by the widow, heirs, or devisees at any time before a final decree, support the conclusion that the interest of Sidney Fielden Wilson did not escheat automatically. The failure of the State to declare an escheat by proper proceedings during the life of an alien operates as a loss of the right upon his death, and his interest passes to his heirs or devisees. See Abrams v. State, 45 Wash. 327, 88 P. 327. Since no proceedings were commenced by the State during the life of Sidney Fielden Wilson, upon his death his interest passed to his devisees subject to the restrictions imposed by statute. The question remaining is whether they may now dispose of the property.

The three surviving children of the deceased are all citizens and residents of England. A treaty between the United States and the United Kingdom, dated March 2, 1899, provides as follows:

"Article I.

"Where, on the death of any person holding real property (or property not personal), within the territories of one of the Contracting Parties, such real property would, by the laws of the land, pass to a citizen or subject of the other, were he not disqualified by the laws of the country where such real property is situated, such citizen or subject shall be allowed a term of three years in which to sell the same, this term to be reasonably prolonged if circumstances render it necessary, and to withdraw the proceeds thereof, without restraint or interference, and exempt from any succession, probate or administrative duties or charges other than those which may be imposed in like cases upon the citi-

zens or subjects of the country from which such proceeds may be drawn." 31 U. S. Stat. L., Art. I, p. 1939.

Under the treaty of 1899, which is the supreme law of the land and binding upon the State and all courts, the surviving children of the deceased were entitled to sell the property any time within 3 years after the death of the testator and during such additional time as the circumstances rendered it necessary. The trial court found they should have 1 year from the date of the judgment in which to sell the property.

The record shows the children of the deceased have been diligently attempting to perfect their title in order to dispose of the property since the death of the testator in 1961. During this time they consulted and employed a series of lawyers in both England and this country with but little success. The record fully supports the conclusion of the trial court that the devisees should have additional time in which to sell the property.

The judgments of the District Court are modified to provide that the property may be sold at any time within 1 year from the date on which the mandate of this court is filed in the District Court. As modified the judgments are affirmed.

AFFIRMED AS MODIFIED.