IN RE ESTATE OF HUSSAN JAMES, ALSO KNOWN AS HUSSAN SHAMES. ALI SHAMES ET AL., APPELLANTS, V. STATE OF NEBRASKA ET AL., APPELLEES.
223 N. W. 2d 481

Filed November 21, 1974. No. 39322.

Mohummed Sadden and Phillip Dandos, for appellants.

Clarence A. H. Meyer, Attorney General, and Bernard L. Packett, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

WHITE, C. J.

The essential question involved in this case is whether the plaintiffs, nonresident aliens, are entitled to inherit real estate in the State of Nebraska, and if not, whether they are entitled to reasonable compensation for the value of the land escheated to the State of Nebraska.

Plaintiffs' petition alleges that Hussan James, a resident of Sioux City, Woodbury County, Iowa, died intestate on July 4, 1962. His only heirs are the four

plaintiffs in this case who are aliens, resident nationals of Syria. The decedent owned 80 acres of land in Cedar County, Nebraska, and ancillary probate proceedings were filed in that county on July 6, 1963. The State of Nebraska intervened in the ancillary probate proceeding, asking the court to find that the real estate of Hussan James located in Nebraska escheated to the State of Nebraska for failure of qualified heirs to take. The county court of Cedar County, Nebraska, on January 23, 1969, held in effect that plaintiffs were not entitled to inherit and that the property escheated to the State of Nebraska, with no provision for compensation. The plaintiffs appealed this order to the District Court for Cedar County which sustained defendants' demurrers to the petition and dismissed the case, from which judgment this appeal was taken. We reverse the judgment of the District Court and remand the cause for further proceedings consistent with this opinion.

The right of escheat contended for by the State is founded upon the provisions of sections 76-401 and 76-402, R. R. S. 1943: "Upon the failure of heirs, the title shall vest at once in the state, without an inquest or other proceedings in the nature of office found." § 76-401, R. R. S. 1943.

"Aliens and corporations not incorporated under the laws of the State of Nebraska are prohibited from acquiring title to or taking or holding any land, or real estate, or any leasehold interest extending for a period for more than five years or any other greater interest less than fee in any land, or real estate in this state by descent, devise, purchase or otherwise, except as provided in sections 76-403 to 76-405." § 76-402, R. R. S. 1943. The method by which nonresident aliens may take land in Nebraska by intestate succession has been changed by the Legislature subsequent to the death of

the decedent in the instant case. See § 4-107, R. R. S. 1943.

The nonresident alien plaintiffs claim that section 76-402, R. R. S. 1943, constitutes a deprivation of property without just compensation, and is therefore a denial of due process of law in violation of the Fourteenth Amendment to the United States Constitution. Squarely presented to us in this case is the proper construction of section 76-402, R. R. S. 1943, and the subsequent and interrelated statutes dealing with the inheritance by aliens and the escheat provisions therein. We find it unnecessary to reach the due process question that might exist in the absence of a provision for compensation, because we hold that the statutory scheme, whereby this property escheats to the State of Nebraska, does in fact provide for just compensation to the alien plaintiffs in this case, pursuant to section 76-408, R. R. S. 1943. Since our statutory scheme requires compensation to nonresident aliens, it satisfies the demands of due process under any interpretation. See Shames v. State of Nebraska, 323 F. Supp. 1321 (D. Neb., 1971).

The "alien land law," Laws 1889, c. 58, §§ 1, 2, pp. 483, 484, provided in pertinent part as follows: "Section 1. Non-resident aliens and corporations not incorporated under the laws of the state of Nebraska, are hereby prohibited from acquiring title to or taking or holding any lands or real estate in this state by descent, devise, purchase or otherwise, only as hereinafter provided, * * * (and if such) alien heirs have not become residents of this state, such lands shall revert and escheat to the state of Nebraska, and it shall be the duty of the county attorney in the counties where such lands are situated to enforce forfeitures of all such lands as provided by this act.

"Sec. 2. Whenever any such lands shall revert and escheat to the state of Nebraska *as provided in this act,* it shall be the duty of the county attorney of the county

in which such lands are situated to proceed against such alien in the district court of the county where the land is situated, for the purpose of having such forfeiture declared. * * * The heirs or persons who would have been entitled to such lands, shall be paid by the state of Nebraska the full value thereof, as ascertained by appraisement upon the oaths of the judge, treasurer and clerk of the county where such lands lie, and such lands shall then become subject to the law, and shall be disposed of as other lands belonging to the state; Provided, that the expense of the appraisement shall be deducted from the appraised value of the land." (Emphasis supplied.)

After the 1943 revision of the statutes, these sections became sections 76-402 and 76-408, R. R. S. 1943. Until the time of the revision in 1943, the act retained its original character insofar as it is relevant to the instant case. Until the time of the revision, the language "as provided in this act" (article) remained. In the intervening time since 1889 section 76-402, R. R. S. 1943, was amended twice and section 76-408, R. R. S. 1943, once, but only with reference to matters extraneous to the issue under consideration here. See, Laws 1911, c. 100, § 1, p. 365; Laws 1921, c. 142, § 1, p. 608; Laws 1939, c. 97, § 1, p. 417. The language referring to and providing for compensation, "as provided in this act" (article) was retained consistently even though the statutes were amended in various respects. Never were they amended so as to affect a nonresident alien's right to just compensation when land to which he would have been entitled by intestate succession escheats to the State.

Nevertheless, section 76-408, R. R. S. 1943, provides: "Whenever any such lands shall revert and escheat to the state of Nebraska, *as provided in sections 76-403, 76-405 and 76-411*, it shall be the duty of the county attorney of the county in which such lands are situated,

to proceed against such alien in the district court of the county where the land is situated for the purpose of having such forfeiture declared. * * * The heirs or persons who would have been entitled to such lands shall be paid by the State of Nebraska the full value thereof, as ascertained by appraisement upon the oaths of the judge, treasurer, and clerk of the county where such lands lie, and such lands shall become subject to the law, and shall be disposed of as other lands belonging to the state; Provided, the expense of the appraisement shall be deducted from the appraised value of the land." (Emphasis supplied.)

On the face of this statute, as revised in 1943, compensation does not appear to have been authorized by the Legislature when escheat occurs pursuant to the operation of sections 76-401 and 76-402, R. R. S. 1943. However, the 1889 Session Laws show that the statutory scheme as then enacted does provide for compensation when escheat occurs pursuant to sections 76-401 and 76-402, R. R. S. 1943, and this revision was never intentionally altered by the Legislature. The report of the Statute Commission in 1943 deleted the phrase "this article" which appeared in the 1941 counterpart of section 76-408 (C. S. 1941, § 76-503) and substituted "sections 76-403, 76-405, and 76-411," even though the "article" included what is now sections 76-401 and 76-402, R. R. S. 1943. The notes indicate that this change was made in the interests of "definiteness". See notes in the Report of the Statute Commission, Vol. III, Part X.

The Statute Commission appears to have inadvertently narrowed the scope of the right to compensation as provided in section 76-408, R. R. S. 1943, when it made the aforementioned substitution. But the original meaning of the act was never changed. Section 49-609, R. R. S. 1943, provides: "All acts of a general nature, as revised and reported to the fifth-sixth session of the

Legislature by the 1943 Statute Commission, shall be construed, as soon as such report is approved and adopted by the Legislature, as a *continuation of* such laws and *not as new enactments.*" (Emphasis supplied.) As this court stated in Hoctor v. State, 141 Neb. 329, 3 N. W. 2d 558 (1942), discussing the effect of the work of the 1913 Statute Revision Commission: " 'A mere change of phraseology, or punctuation, or the addition or omission of words in the revision or codification of statutes, does not necessarily change the operation or effect thereof, and will not be deemed to do so unless the *intent to make such change is clear and unmistakable.* * * * *No presumption arises* from changes of this character that the revisers or the legislature in adopting the revision *intended to change the existing law;* but the presumption is to the *contrary,* unless an intent to change it clearly appears.' 59 C. J. 894." (Emphasis supplied.) Hoctor v. State, *supra,* was quoted with approval in Stephenson School Supply Co. v. County of Lancaster, 172 Neb. 453, 110 N. W. 2d 41 (1961). See, also, Semrad v. Semrad, 170 Neb. 911, 104 N. W. 2d 338 (1960). Nowhere is there an intent manifested by the Legislature to deny nonresident aliens entitlement to the just compensation that was accorded them in 1889.

We therefore hold that under the provisions of sections 76-401, 76-402, and 76-408, R. R. S. 1943, legal title to the lands involved herein escheats to the State of Nebraska, and that the heirs or persons who would have been entitled to such lands shall be paid by the State of Nebraska the full value thereof, in the manner provided in section 76-408, R. R. S. 1943. In the light of our construction of the statutes and our holding herein, it becomes unnecessary to decide any further issues raised in the briefs and the argument of counsel.

The judgment of the District Court is reversed and

the cause is remanded to the District Court for proceedings consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.