STATE OF NEBRASKA, APPELLEE, V. MILO L. KAREL, APPELLANT.

284 N. W. 2d 12

Filed October 2, 1979. No. 42520.

George H. Moyer, Jr., of Moyer, Moyer & Egley, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

CLINTON, J.

The sole issue on this appeal is whether or not the defendant Karel was entitled to a jury trial under the provisions of section 24-536, R. R. S. 1943, upon the charge of drunken driving, first offense, under section 39-669.07, R. R. S. 1943. The offense was alleged to have occurred on August 25, 1976, and the defendant was found guilty on May 11, 1978, in the county court of Butler County. Sentence was thereafter imposed. The court had denied his timely motion for trial by jury. On appeal to the District Court, that court also held he was not entitled to a jury trial and the conviction and sentence were affirmed.

Section 24-536, R. R. S. 1943, provides: "Either party to any case in county or municipal court, except criminal cases arising under city or village ordinances and traffic infractions, and except . . . may demand a trial by jury. . . . All provisions of law relating to juries in the district courts shall apply to juries in the county and municipal courts and the district court jury list shall be used, except that juries in the county and municipal courts shall consist of six persons."

The State contends the charge was a traffic infraction under the provisions of section 39-602(106), R. R. S. 1943, and, therefore, there existed no statutory right to a jury trial under section 24-536, R. R. S. 1943. Section 39-602(106), as it appears in the Revised Statutes of 1943, Reissues of 1974 and 1978, reads: "Traffic infraction shall mean the violation

of any provision of sections 39-601 to 39-6,122 or of any law, ordinance, order, rule, or regulation regulating traffic which is not otherwise declared to be a misdemeanor or a felony and which shall be a civil offense." The defendant's position is that first offense drunk driving is a misdemeanor and not a traffic infraction and, therefore, he was entitled to a jury trial. For reasons hereafter set forth, we find the defendant's position is correct and reverse and remand for a new trial.

It is to be observed that section 39-602(106), R. R. S. 1943, as it appears in the statutory revisions, defines traffic infractions as: ". . . the violation of any provision *of sections 39-601 to 39-6,122* or of any law, . . . not otherwise declared to be a misdemeanor or a felony." (Emphasis supplied.) Section 39-669.07, R. R. S. 1943, appears, therefore, to be included among the sections specifically referred to, that is, sections 39-601 to 39-6,122, R. R. S. 1943. Before the enactment of the new criminal code, section 39-669.07, R. R. S. 1943, did not define driving while intoxicated as either a felony or a misdemeanor. On the surface, therefore, the State's position appears to have some substance. However, things are not as they appear on the surface. In 1973, the Legislature enacted a rather comprehensive, amended version of the Rules of the Road. Laws 1973, L.B. 45, p. 123. Section 39-602(106), R. R. S. 1943, is section 2(106) of L.B. 45. In L.B. 45, section 2(106) reads as follows: "Traffic infraction shall mean the violation of any provision of *this act* or of any law, ordinance, order, rule, or regulation regulating traffic which is not otherwise declared to be a misdemeanor or a felony and which shall be a civil offense." (Emphasis supplied.)

When L.B. 45 was placed in the Revised Statutes by the Revisor of Statutes pursuant to the duties imposed upon him by section 49-705, R. R. S. 1943, he substituted the specific reference, "any provision of

sections 39-601 to 39-6,122," for the words, "this act," of section 2(106) of L.B. 45. This, as already noted, would apparently include section 39-669.07, R. R. S. 1943. However, L.B. 45, Laws of 1973, did not include section 39-669.07, R. R. S. 1943. It appears in its present position in the Revised Statutes only by virtue of the arrangement made by the Revisor of Statutes.

Section 49-705(1), R. R. S. 1943, in part provides: "The Revisor of Statutes, in preparing supplements and reissued or replacement volumes for publication and distribution, shall not alter the sense, meaning or effect of any act of the Legislature, but may . . .," and then goes on to specify the things which he may do. Further specification of his authority appears in subsection (2) of section 49-705, R. R. S. 1943. The authority under subsection (1) includes renumbering sections and rearranging sections. Section 49-705, R. R. S. 1943, makes it clear that such changes made by the Revisor of Statutes cannot make substantive changes in the statute as enacted by the Legislature. Subsection (1) as noted provides that he "shall not alter the sense, meaning or effect of any act of the Legislature." Subsection (2) of section 49-705, R. R. S. 1943, provides in part: "No change made under the provisions of this subsection shall effect any change in the substantive meaning of any section."

Changes made by the Revisor of Statutes in preparing supplements and reissued or replacement volumes of the Revised Statutes, under the provisions of section 49-705, R. R. S. 1943, cannot change the substantive meaning of any statute as enacted by the Legislature. See Shames v. State, 192 Neb. 614, 223 N. W. 2d 481. Since section 39-669.07, R. R. S. 1943, was not included in L.B. 45, Laws of 1973, the crimes therein defined did not become traffic infractions by virtue of the provisions of L.B. 45, but retained their status as misdemeanors or felonies by

virtue of the general statutory definition of section 29-102, R. R. S. 1943, which provides: "The term felony signifies such an offense as may be punished with death or imprisonment in the Nebraska Penal and Correctional Complex. Any other offense is denominated a misdemeanor." Section 29-102, R. R. S. 1943, has since been repealed by L.B. 748, Laws of 1978, and we note the offenses defined in section 39-669.07, R. S. Supp., 1978, are now specifically defined as a class of either misdemeanor or felony.

For a general discussion of the question of classifying certain offenses as traffic infractions, see State v. Knoles, 199 Neb. 211, 256 N. W. 2d 873.

REVERSED AND REMANDED
FOR A NEW TRIAL.