REQUESTED BY: Jerry McDole, Webster County Attorney, Red Cloud, Nebraska
Do counties have a mandatory duty to care for and maintain abandoned cemeteries?
No.
You have asked whether a county has a duty to care for and maintain abandoned cemeteries. Neb.Rev.Stat. § 12-805
(Reissue 1977) provides that:
 The county board may expend money from the general fund of the county for the care and maintenance of each abandoned and neglected cemetery and Indian burial ground as follows: (1) Not to exceed three hundred fifty dollars in any one year when the cemetery is totally abandoned; or (2) not to exceed three hundred dollars in any one year when the cemetery is partially abandoned. Such care and maintenance may include the repair or building of fences and annual spraying for the control of weeds and brush.
Our first inquiry is what constitutes an abandoned cemetery. There are no Nebraska cases which define this phrase for us. A cemetery is, of course, recognized as a place or area set apart for the interment of the dead. In statutory construction the meaning of common words are to be taken in their ordinary significance in the absence of an indication of a contrary intent. Section 49-802 (Reissue 1978); RayPrice, Inc. v. United States, 297 F. Supp. 55 (D.Neb. 1969). Abandon, according to Webster's Third New International Dictionary, means to `cease to assert or exercise an interest' in something, disuse. Unlike the specific statutory provisions of § 12-808 regarding `abandoned pioneer cemeteries,' § 12-805 does not define abandoned cemeteries in terms of years. Abandoned, as used in § 12-805, does not make time an essential element to be so classified. We therefore conclude that an abandoned cemetery is a cemetery which is no longer maintained and used, in the absence of contrary legislative expression.
Our next inquiry is the extent of the obligation of a county to maintain a cemetery determined to be abandoned. Again, the pertinent section states, `the county board may
expend money.' (Emphasis added.) Perhaps some legislative history will reinforce the otherwise apparent answer to this inquiry.
Prior to 1973, Neb.Rev.Stat. § 23-113 (now Neb.Rev.Stat. § 12-805) provided that `when petitioned by twenty-five freeholders of the county, the county may expend money.' This language clearly shows that the county had no absolute duty to maintain abandoned cemeteries. In 1973, LB 277, introduced by Senator Carstens, was passed by the Legislature. In effect, the bill omitted the first clause of 23-113. The Supreme Court has held that the mere omission of words in revision of statutes does not necessarily change the operation or effect thereof, and will not be deemed to do so unless intent to make such change is clear andunmistakable. In re James' Estate, 192 Neb. 614,223 N.W.2d 481 (1974). In reviewing the committee hearings on LB 277, Senator Carstens spoke of his intent in introducing the bill.
 There does seem to be a problem in the opening words of this 23-313, when petitioned by twenty-five freeholders of the county. Now here may present some problems in the carrying out of this statute. It may be difficult to find twenty-five people that would be close enough to it to want to sign a petition.
Minutes of Hearing, Committee on Government, Military, and Veterans Affairs, February 8, 1973. There is no testimony to indicate that the intent of the Legislature was to impose a mandatory duty on the counties to maintain all abandoned cemeteries. The manifest intent of the Legislature expressed above does not show a clear and unmistakable desire to change existing law. The apparent intent was to make it easier for a county to implement its discretionary power to maintain abandoned cemeteries.
Furthermore, as an aid to the construction and operation of statutory language, the Legislature guides us by the provisions of Neb.Rev.Stat. § 49-802(1) (Reissue 1978). `Unless such construction would be inconsistent with the manifest intent of the Legislature . Legislature . . . (1) when the word may appears, permissive or discretionary action is presumed. When the word shall appears, mandatory or ministerial action is presumed.'
In conclusion, it is our opinion that the statutory power of the county board to expend money from the general fund of the county for the care and maintenance of abandoned cemeteries, as herein defined, is discretionary and is not mandatory.
Very truly yours, PAUL L. DOUGLAS Attorney General Mel Kammerlohr Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General