STATE OF NEBRASKA, APPELLEE, V. SEVEN BABAJAMIA,
APPELLANT.
394 N.W.2d 289

Filed October 3, 1986.    No. 86-266.

Donald B. Fiedler and Michael W. Meister of Fiedler Law Offices, for appellant.

Herbert M. Fitle, Omaha City Attorney, and Gary P. Bucchino, Omaha City Prosecutor, Richard M. Jones, and David F. Smalheiser, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The defendant was convicted of destruction of property in violation of an ordinance of the city of Omaha, Nebraska, and fined $50. Upon appeal to the district court the judgment was affirmed. He has now appealed to this court and contends the evidence was not sufficient to support the judgment and that the trial court erred in admitting and refusing evidence.

The record shows that on June 20, 1985, the defendant entered the McDonald's restaurant located at 210 South 16th

Street in Omaha, Nebraska. On a previous occasion the defendant had been asked not to come into the restaurant again. On this occasion the defendant was again told he was not welcome in the restaurant. Defendant ignored the advisement, walked to a table, and sat down and extinguished a lighted cigarette by grinding it on the tabletop.

On July 8, 1985, Dennis Beckman, the owner of the restaurant, filed complaints in the county court alleging the defendant had purposely damaged property belonging to the restaurant and trespassed upon the premises. The defendant was convicted on both counts and fined $50 plus costs on each count. He then appealed to the district court, which reversed the judgment and dismissed the trespass charge but affirmed the judgment on the destruction of property charge.

The defendant contends the evidence was so lacking in probative value that it was insufficient to support his conviction as a matter of law. Specifically, he contends the State failed to prove the corpus delecti of destruction of property beyond a reasonable doubt. He argues that his case is indistinguishable from *State v. Rich*, 222 Neb. 394, 383 N.W.2d 801 (1986), and that the charge must be dismissed in light of the holding of that case.

In *Rich* a convenience store owner testified that while looking through a one-way mirror, she observed Rich take a handkerchief and wipe his brow. She then observed a bulge in the pocket of his pants, which appeared to have the shape of a box of pudding. Rich paid for two soft drinks and left. The store owner called the police, who found and confronted Rich on a bus. Rich denied taking the box of pudding, and it was not found in his possession. This court found the evidence insufficient as a matter of law and reversed the judgment.

The defendant argues his case is similar to *Rich* because no physical evidence of the burned table was presented; only one witness testified; he was not arrested at the restaurant; and he denies that he smokes cigarettes. Although there are similarities in the facts, the cases are distinguishable.

In this case an eyewitness testified that he saw the defendant extinguish a lighted cigarette on the tabletop. The restaurant owner testified as to the amount of damage which that caused.

This testimony was not disputed by the defendant other than by his claim that he was not in the restaurant at the time and does not smoke. By contrast, in *Rich* the complaining witness did not actually see Rich take the box of pudding, and Rich denied having taken it. *State v. Rich, supra.* Here, the defendant was placed at the scene of the incident and was observed extinguishing a cigarette.

A guilty verdict will not be reversed by this court unless the evidence presented is so lacking in probative force that it is insufficient as a matter of law. *State v. Ruzicka,* 218 Neb. 594, 357 N.W.2d 457 (1984). The defendant was observed by an eyewitness. The testimony of a single eyewitness who had a reasonable opportunity to observe a defendant is sufficient to support a conviction. *State v. Ammons,* 208 Neb. 812, 305 N.W.2d 812 (1981); *State v. Wilson,* 174 Neb. 86, 115 N.W.2d 794 (1962); *Small v. State,* 165 Neb. 381, 85 N.W.2d 712 (1957).

The defendant next contends the trial court erred in permitting the State to introduce evidence of prior incidents in which he had allegedly caused disturbances at the restaurant. The defendant claims this evidence lacked probative value, was irrelevant, was designed to create a false impression of guilt, and unduly prejudiced the defense of his case.

As we recently stated, "The admission or exclusion of evidence is a matter left largely to the sound discretion of the trial court, and its ruling will be upheld absent an abuse of discretion." *State v. Norfolk,* 221 Neb. 810, 822, 381 N.W.2d 120, 129 (1986). See, also, *Chmelka v. Continental Western Ins. Co.,* 218 Neb. 186, 352 N.W.2d 613 (1984).

The record shows the trial court overruled the objection to the testimony concerning prior acts after determining the testimony was relevant to the charge of trespassing. Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Neb. Rev. Stat. § 27-401 (Reissue 1985). Since the testimony concerning defendant's prior acts tended to show he had notice that he was not welcome to return to the restaurant, the testimony was relevant to the charge of trespassing, and the trial court did not err in admitting it.

The defendant's contention that the State unfairly prejudiced his defense by using testimony concerning his alleged prior acts to create a false impression of guilt is without merit. The record is wholly lacking in support for that contention. Further, there is sufficient evidence presented to support the conviction.

The defendant's final assignment of error is that the court erred in not permitting the introduction of evidence that he had filed a civil rights complaint against the restaurant owner and manager. He argues this evidence would have shown a retaliatory motive on behalf of the owner and manager and allowed him to defend against the prior acts testimony. The State argues that the evidence was properly excluded because it was not probative of whether the defendant committed the alleged acts, and its limited probative value of the evidence as rebuttal of the prior acts testimony was outweighed by the danger of confusing the issues at trial. From our review of the record, we conclude the evidence was not relevant and was properly excluded.

This court has held that " 'it is not error to exclude evidence which is not substantive proof of any fact relative to the issue, and evidence which does not tend to establish the guilt or innocence of a defendant of a crime charged is immaterial and should be excluded.' " *State v. Parks*, 212 Neb. 635, 641, 324 N.W.2d 673, 678 (1982) (citing *Scherer v. State*, 168 Neb. 127, 95 N.W.2d 329 (1959)).

In this case the defendant was charged with trespass and destruction of property. Evidence concerning a subsequent civil rights action concerning previous incidents was not substantive proof as to whether the defendant destroyed the property as charged. Whether the evidence was relevant to the charge of trespass is moot because that charge has been dismissed.

The judgment of the district court is affirmed.

AFFIRMED.