STATE OF NEBRASKA, APPELLEE, V. ARCHIE M. BISHOP,
APPELLANT.
399 N.W.2d 271

Filed January 16, 1987.    No. 86-436.

Clyde F. Starrett, for appellant.

Robert M. Spire, Attorney General, and Janie C. Castaneda, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The defendant was found guilty of driving while under the influence (count I), refusing a chemical test (count II), and resisting arrest (count III). On count I he was fined $250 and sentenced to 7 days in jail, and his operator's license was revoked for 6 months; on count II he was fined $200 and sentenced to 7 days in jail, the sentences to run concurrently; and on count III he was fined $250. He was found not guilty of leaving the scene of a property damage accident (count IV).

The district court affirmed the convictions and sentences. This appeal followed.

The incident which led to the convictions occurred on December 22, 1984. On that evening, at approximately 8:50, Officer Barbara McMullen was traveling south on U.S. Highway 83, near McCook, Nebraska, when she observed the defendant's vehicle turn north onto the highway. The officer then observed the vehicle swerve from the roadway onto the shoulder of the road several times, heard the sound of metal on metal, and saw the vehicle "come off of a highway steel reflector post" and continue down on the grass and snow. The officer turned her vehicle around, activated the red lights, and began to follow the defendant's vehicle. While she followed, the defendant's vehicle twice swerved into the oncoming traffic lane. The officer activated her police siren and observed the defendant drive in the oncoming lane for 250 feet and then turn into a farmyard.

The officer followed the defendant into the farmyard and approached the defendant as he stepped out of his vehicle. She asked to see his driver's license, and the defendant handed her a handful of papers, from which she located a Colorado license. As they talked, the officer noticed a strong odor of alcohol, that the defendant held onto the car, and that he had "extreme difficulty" standing without holding onto something. His face was very red, and his eyes were bloodshot. His speech was blurred and hard to understand. He was having difficulty understanding questions. The defendant was asked to submit to a preliminary test but refused to do so.

At that time a second officer, Sgt. Rick Stalder, arrived. After he was apprised of the situation, Sergeant Stalder

informed the defendant that he was under arrest and had to accompany the officers to the station. The defendant refused to leave his property, got into his vehicle, and attempted to shut the door. He then held on to the doorjamb with one hand and the steering wheel with the other. Officer McMullen testified she pulled his fingers from the steering wheel with "a great deal of effort," and Sergeant Stalder pulled him out of the car. Once out of the car, the defendant "went limp and let himself fall to the ground," and the officers were required to expend "a good deal of effort" to handcuff him. When the defendant refused to get up, he was pulled up by the officers and forcibly placed in the patrol car. The defendant's car keys remained in the ignition during the struggle. The officers' testimony as to the circumstances of the arrest was not disputed.

En route to the station, the defendant complained of an injury to his hand and asked to be taken to the hospital. Officer McMullen communicated this request to Sergeant Stalder, who advised her to proceed to the station. Once there, several people examined the defendant's hand while Officer McMullen read the informed consent form to the defendant and asked him to take a breath test. The defendant refused to sign the forms or take the test.

The defendant was then transported to the hospital, where he again refused to submit to a chemical test, and also refused treatment of his hand. He was taken back to the station and placed in jail. About 1 hour later he was taken back to the hospital and treated.

At trial the State presented the officers' testimony and rested. The defendant presented several witnesses who testified they had seen the defendant at various times on the day of his arrest and that he had appeared not to be intoxicated.

The defendant alleged 10 assignments of error but failed to brief 6 of them. Accordingly, our review will be limited to those discussed in his brief. See Neb. Ct. R. of Prac. 9D(1)d (rev. 1986). See, also, *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986).

The defendant first assigns as error the trial court's denial of his motion to suppress all evidence obtained after the defendant was stopped. It is the defendant's position that suppression was

required because the officers failed to give the defendant the *Miranda* warnings when he was arrested. This contention is without merit.

There is no requirement in this jurisdiction that *Miranda* warnings be given prior to a request to submit to a chemical test of blood, breath, or urine. *State v. Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986); *Fulmer v. Jensen*, 221 Neb. 582, 379 N.W.2d 736 (1986); *Wiseman v. Sullivan*, 190 Neb. 724, 211 N.W.2d 906 (1973). In addition, under the implied consent law, a driver is not entitled to consult with an attorney, nor is a delay in the test required should a driver request to consult with an attorney. *Fulmer, supra*. Evidence obtained in the implied consent context is not testimonial or communicative and does not fall within the privilege against self-incrimination. *Fulmer, supra*. See, also, *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966).

The defendant next contends the county court erred in finding that the officers properly entered the defendant's property without a warrant. The defendant argues that the officers should have obtained a warrant for his arrest before entering his property. This contention is not supported by the facts or the law.

Neb. Rev. Stat. § 29-404.02 (Reissue 1985) provides for warrantless arrest if an officer has reasonable cause to believe a person has committed

(2) A misdemeanor, and the officer has reasonable cause to believe that such a person either (a) will not be apprehended unless immediately arrested; . . . (c) may destroy or conceal evidence of the commission of such misdemeanor; or (d) has committed the misdemeanor in the presence of the officer.

Probable cause for a warrantless arrest exists when, "at the time of the arrest, the officer had knowledge of the facts and circumstances based on reasonably trustworthy information which was sufficient to warrant a prudent man in believing the defendant had committed or was committing an offense." *State v. Evans, ante* p. 64, 67, 395 N.W.2d 563, 566-67 (1986) (citing *State v. Ware*, 219 Neb. 594, 365 N.W.2d 418 (1985)). See, also, *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980).

The officers clearly had probable cause to arrest the defendant. Officer McMullen saw the defendant drive erratically, observed him drive over a reflector post, and observed that the defendant appeared to be intoxicated. This was sufficient cause to support the officer's belief the defendant had committed a misdemeanor in her presence: driving while intoxicated. Further, the delay caused by obtaining a warrant could have resulted in the destruction of evidence: the metabolism of the alcohol in the defendant's body. See, *State v. Halligan*, 222 Neb. 866, 387 N.W.2d 698 (1986); *Schmerber v. California, supra*.

The warrantless arrest was not invalid because it occurred on the defendant's property. In *State v. Penas*, 200 Neb. 387, 263 N.W.2d 835 (1978), we held that a warrantless entry is valid if the police officer enters under exigent circumstances such as hot pursuit or the imminent destruction of evidence. This holding was grounded on *United States v. Santana*, 427 U.S. 38, 96 S. Ct. 2406, 49 L. Ed. 2d 300 (1976). In *Santana* the U.S. Supreme Court held that a suspect may not defeat a warrantless arrest which has been set in motion in a public place upon probable cause by the expedient of escaping to a private place. The arrest in *Santana* occurred in the vestibule of the accused's home.

The defendant contends that several recent Supreme Court cases cast doubt on the continued validity of our holding in *Penas*. The cases cited are not applicable here because they involved warrantless arrests in a home in the absence of exigent circumstances. The defendant in this case was arrested in his farmyard after the arresting officer had actively pursued him on the highway for several minutes, with red lights flashing and the siren activated. Further, evidence of the defendant's intoxication would have been lost had the officers waited to obtain an arrest warrant. These facts constituted exigent circumstances which justified the warrantless entry onto the defendant's property.

The defendant next assigns as error the county court's overruling of his motion for a jury trial. The defendant contends he should have been granted a jury trial on each charge.

The defendant was arraigned on January 17, 1985. He was

represented by counsel and informed by the court of his right to a jury trial. Pleas of not guilty were entered and a hearing on motions set for February 14, 1985. A motion for a jury trial was filed and bears a handwritten notation "hand delivered 2-6-85." It is signed by the defendant's attorney. The trial court denied the motion as untimely.

The rules of the county court of the 14th Judicial District of Nebraska (rev. 1984) were introduced into evidence and appear in the record. Rule 25 provides that all demands for a jury trial in misdemeanor cases must be made within 10 days following the entry of a plea of not guilty. The rule draws no distinction between jury trials provided for by statute and those constitutionally required.

The U.S. Constitution, through the due process clause of the 14th amendment, requires the states to provide a trial by jury whenever the 6th amendment would so require if the case were in federal court. *State v. Lynch*, 223 Neb. 849, 394 N.W.2d 651 (1986). A jury trial is not constitutionally required in every criminal case, but must be provided when the offense is "serious." *Id*. A serious offense is one which carries a maximum penalty in excess of 6 months' imprisonment. *Baldwin v. New York*, 399 U.S. 66, 90 S. Ct. 1886, 26 L. Ed. 2d 437 (1970).

The right to a jury trial is a personal right which may be waived by the defendant. *State v. Miles*, 202 Neb. 126, 274 N.W.2d 153 (1979); *State v. Godfrey*, 182 Neb. 451, 155 N.W.2d 438 (1968), *cert. denied* 392 U.S. 937, 88 S. Ct. 2309, 20 L. Ed. 2d 1396. See, also, Fed. R. Crim. P. 23(a). A voluntary waiver of this right must be express and intelligent. *State v. Miles, supra*. See, also, *Patton v. United States*, 281 U.S. 276, 50 S. Ct. 253, 74 L. Ed. 854 (1930). Waiver cannot be presumed from a silent record. *State v. Predmore*, 220 Neb. 336, 370 N.W.2d 99 (1985).

The right to a jury trial is also provided by statute. Neb. Rev. Stat. § 24-536 (Reissue 1985) provides that "[e]ither party to any case in county court, except criminal cases arising under city or village ordinances, traffic infractions, and other infractions . . . may demand a trial by jury." A demand is required to invoke the statutory right to a jury trial. *State v. Vernon*, 218 Neb. 539, 356 N.W.2d 887 (1984). A failure to file a

timely request in accordance with the rules of court constitutes a waiver of the statutory right to a jury trial. *Id.* A defendant charged with driving under the influence, pursuant to Neb. Rev. Stat. § 39-669.07 (Reissue 1984), has a right under § 24-536 to demand a jury trial. *State v. Karel*, 204 Neb. 573, 284 N.W.2d 12 (1979).

The defendant was charged with four separate counts. The charge of resisting arrest was filed pursuant to Neb. Rev. Stat. § 28-904 (Reissue 1985). That offense is classified as a Class I misdemeanor, and carries a maximum penalty of 1 year's imprisonment, or a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Reissue 1985). It is a serious offense for which a jury trial is constitutionally required unless waived by the defendant. See, *Baldwin v. New York, supra; Patton v. United States, supra.*

There is no showing, on the record, that the defendant waived a jury trial on this matter. To the contrary, the defendant requested a jury trial and was denied it solely on the grounds the request was untimely. Since the record does not show that the defendant knowingly and intelligently waived his right to a jury trial on the charge of resisting arrest, the judgment on count III must be reversed and the cause remanded for a new trial.

The charges of driving while under the influence of drugs or alcohol pursuant to § 39-669.07 and refusing to take a chemical test pursuant to Neb. Rev. Stat. § 39-669.08 (Reissue 1984) are Class W misdemeanors and, for first offense, carry maximum and mandatory penalties of 7 days' imprisonment and fines of $200. § 28-106. They are petty offenses for which a jury trial is not constitutionally required. See *State v. Lynch, supra.* As to these charges, the defendant had only a statutory right to a jury trial, for which a proper demand was required. See, *State v. Karel, supra; State v. Vernon, supra.*

The defendant requested a jury trial February 6, 1985, more than 10 days after his plea of not guilty was entered on January 17, 1985. His request was untimely under the court rules and constituted a waiver of his statutory right to a jury trial on these charges. The county court therefore properly overruled his request for a jury trial on these charges.

The defendant also contends the evidence was insufficient to

support the finding of guilty. As the cause is being remanded on the charge of resisting arrest, we will not review the evidence concerning that count.

In determining the sufficiency of the evidence,

"[T]his court [will not] resolve conflicts in the evidence, pass on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it."

*State v. Ellis,* 223 Neb. 779, 783, 393 N.W.2d 719, 722 (1986) (citing *State v. Rolling,* 209 Neb. 243, 307 N.W.2d 123 (1981)). A guilty verdict will not be reversed by this court unless the evidence presented is so lacking in probative force that it is insufficient as a matter of law. *State v. Babajamia,* 223 Neb. 804, 394 N.W.2d 289 (1986).

There was substantial evidence to support the court's finding that the defendant operated a motor vehicle while intoxicated. Officer McMullen testified the defendant drove erratically, appeared intoxicated, and had a strong odor of alcohol about him. Sergeant Stalder testified the defendant was, in his opinion, "very intoxicated." Although the defendant disputed this testimony, it was sufficient to support a conviction for operating a motor vehicle while under the influence of alcohol. See *Wisch v. Jensen,* 221 Neb. 609, 379 N.W.2d 755 (1986).

The finding that the defendant refused to submit to a chemical test is also supported by the record. The test used to determine whether a driver has refused to submit to a test is whether the driver conducted himself in such a way that a reasonable person would be justified in believing the driver had understood he had been asked to take the test but refused to do so. *Bauer v. Peterson,* 212 Neb. 174, 322 N.W.2d 389 (1982). Officer McMullen testified the defendant refused to sign the implied consent form and twice refused to submit to a test of his blood alcohol content. The judgment on that count is affirmed.

We note, as plain error, that the defendant was fined $250 for first offense driving while intoxicated. Section 28-106 provides for a mandatory fine of $200 for this offense. The fine imposed is excessive, and must be reduced to $200. Neb. Rev. Stat.

§ 29-2308 (Reissue 1985). The judgment on count I, as so modified, is affirmed.

The judgment on count I is affirmed as modified. The judgment on count II is affirmed. The judgment on count III is reversed and the cause remanded for a new trial.

JUDGMENT ON COUNT I AFFIRMED AS MODIFIED.
JUDGMENT ON COUNT II AFFIRMED.
JUDGMENT ON COUNT III REVERSED, AND THE
CAUSE REMANDED FOR A NEW TRIAL.