STATE OF NEBRASKA, APPELLEE, V. RANDY E. WEGENER, APPELLANT.

479 N.W.2d 783

Filed February 7, 1992.   No. 90-1115.

Joseph H. Murray, of Germer, Murray & Johnson, for appellant.

Don Stenberg, Attorney General, and Mark D. Starr for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Defendant, Randy E. Wegener, asserts the district court erred in affirming his county court conviction of driving while under the influence of alcohol, in violation of Neb. Rev. Stat. § 39-669.07 (Reissue 1988). More specifically, he asserts that the district court erred in failing to find the county court erred on the record by (1) admitting into evidence the results of a test of his blood and (2) failing to dismiss the case at the close of the plaintiff-appellee State's case. We affirm.

Shortly before midnight on October 8, 1989, Officer David Lee of the Thayer County Sheriff's Department was dispatched to the scene of a one-vehicle accident. He there found a station wagon which had collided with a bridge guardrail. The wagon was stopped on the shoulder of the road, and Wegener, bleeding from his nose and from a cut over his left eye, was standing beside the wagon.

Lee detected a strong odor of alcohol on Wegener's breath and thus suspected, even before the two engaged in conversation, that Wegener had been drinking. Upon inquiry, Wegener said he had been driving, had been alone in the wagon, and had been drinking. Although Lee had difficulty understanding Wegener, Lee administered no field sobriety tests, as he could not be certain the difficulty was not the result of Wegener's injuries. Thus, Wegener was transported by rescue unit to a hospital while Lee remained at the scene to complete his investigation.

In the course of his work, Lee discovered some beer bottles in the wagon. Three were full, one was empty, and the others had been shattered. Lee could not tell whether the shattered bottles had been full or empty when they broke, but three of the other bottles were still cold.

The presence of the beer, combined with the other information he had acquired, led Lee to believe that Wegener had been driving while under the influence of alcohol. Lee thus

radioed the dispatcher to report a possible drunk driver, and requested that an officer go to the hospital to which Wegener was being transported and obtain a blood sample from him.

Deputy Kenneth Cool then went to the hospital and awaited Wegener's arrival. After Wegener had been treated for his injuries, Cool placed Wegener under arrest. Cool then read to Wegener an implied consent form which is not contained in the record. Wegener signed the document, and Cool thereafter, approximately an hour and a half after the accident had taken place, caused a sample of Wegener's blood to be drawn. (Neb. Rev. Stat. § 39-669.08 (Reissue 1988) provides that one arrested for acts allegedly committed while driving under the influence of alcohol may be required to submit to a blood test.)

Cool, observing that some masking odors may have been present in the room, detected no odor of alcohol when standing approximately 4 to 5 feet from Wegener while reading the implied consent form; he did, however, smell alcohol on Wegener's breath when Wegener was placed in the squad car after the blood sample had been drawn. As Cool was acting on the basis of a radio message, he did not closely observe Wegener before placing him under arrest. Nor did Cool engage Wegener in any casual conversation, and nothing was said as to Wegener's drinking or driving. Cool did notice, however, that Wegener was coherent and in some pain and that he joked with the nurses.

Prior to trial, Wegener filed a motion to suppress the blood test results on the grounds that there was no probable cause to either arrest him or require him to provide a blood sample and that any statements he made were obtained unconstitutionally. Following a hearing, at which the above evidence was presented, the motion was overruled.

In addition to the foregoing evidence, the jury heard that the accident occurred on a flat stretch of highway, the guardrail Wegener struck was 5 1/2 feet from the white shoulder line of the road, Lee found no skid marks, and there was severe damage to the front of the wagon on the passenger side.

Further, a member of the rescue unit team testified that he did not detect any alcohol odor while riding with Wegener, but thought he had detected such an odor when bandaging him.

This worker also stated that while at the accident scene, Wegener "talked probably a little louder than normal." Another member of the rescue unit also characterized Wegener as loud and rambling, but admitted he had not known Wegener previously and thus was not familiar with Wegener's normal speech.

Wegener objected to the receipt into evidence of the blood test results by renewing his earlier motion to suppress that evidence. After the objection was overruled, a laboratory technician testified that Wegener's blood alcohol content was .182 gram per one hundred milliliters.

At the close of the State's case, Wegener moved for dismissal on the ground that the evidence was insufficient to support a conviction. Upon the overruling of that motion, Wegener rested without adducing any evidence.

With respect to the first assignment of error, Wegener asserts the warrantless arrest was unconstitutional because Cool, as the arresting officer, had made no independent probable cause determination.

The existence of probable cause justifying a warrantless arrest, however, is tested by the collective information possessed by all the officers engaged in a common investigation. See, *State v. Halligan*, 222 Neb. 866, 387 N.W.2d 698 (1986), quoting *State v. Klingelhoefer*, 222 Neb. 219, 382 N.W.2d 366 (1986); *State v. Nowicki*, 209 Neb. 640, 309 N.W.2d 89 (1981). See, also, *U.S. v. Bertrand*, 926 F.2d 838 (9th Cir. 1991); *Dykhouse v. Mugge*, 735 F. Supp. 1377 (C.D. Ill. 1990); *U.S. v. Hoyos*, 892 F.2d 1387 (9th Cir. 1989); *United States v. Webster*, 750 F.2d 307 (5th Cir. 1984); *United States v. Bernard*, 607 F.2d 1257 (9th Cir. 1979); *Poindexter v. Wolff*, 403 F. Supp. 723 (D. Neb. 1975) (it is the collective knowledge of the police force and not just the personal knowledge of the arresting officers that is to be used to test the sufficiency of probable cause).

Under this "collective knowledge" doctrine, an officer who does not have personal knowledge of any of the facts establishing probable cause for the arrest may nevertheless make the arrest if the arresting officer is merely carrying out directions of another officer who does have probable cause.

*Charles v. Smith*, 894 F.2d 718 (5th Cir. 1990).

Therefore, the question is whether the information available to the sheriff's department at the time of the arrest was such that a reasonably prudent person would believe that Wegener had driven while under the influence of alcohol. The defendant in *State v. Halligan, supra*, had been involved in a one-vehicle accident and was transported to the hospital. His breath smelled of alcohol, there were three full cans of beer in the vehicle, his eyes were bloodshot, and his speech was slow and slurred, but he was responsive to questions. A nurse testified that the defendant admitted he had had one too many beers, and there was testimony that he had behaved in a sexually aggressive manner toward the nurse. This court found such evidence not only sufficient to establish probable cause to arrest without a warrant, but also sufficient to convict.

Here, Lee, who made the request that the blood sample be taken, knew that Wegener had been drinking and had driven several feet off a straight stretch of highway and collided with a guardrail. Lee also knew that Wegener produced a strong odor of alcohol and that his speech seemed hampered. Moreover, at least one empty and three full bottles of beer were on the floor on the passenger side in the vehicle. Under these circumstances, only an imprudent person could conclude other than that Wegener probably had been driving while under the influence of alcohol.

Neb. Rev. Stat. § 29-404.02 (Reissue 1989) authorizes peace officers such as Lee and Cool to make a warrantless arrest when there is reasonable cause to believe that the person to be arrested has committed a misdemeanor and where

> the officer has reasonable cause to believe that such person either (a) will not be apprehended unless immediately arrested, (b) may cause injury to himself or herself or others or damage to property unless immediately arrested, (c) may destroy or conceal evidence of the commission of such misdemeanor, or (d) has committed a misdemeanor in the presence of the officer
> . . . .

Wegener alleges that as none of these criteria were present in this case, Cool was not authorized to make a warrantless arrest;

therefore, the blood test was obtained as the result of an illegal arrest.

However, Lee testified he was aware of the body's ability to metabolize alcohol. Although the diminishment over time and the ultimate elimination of alcohol in the bloodstream are not willful or intentional, this metabolic process nonetheless constitutes the destruction of evidence such as to provide a basis for effecting a warrantless arrest under the provisions of § 29-404.02. As noted in *State v. Marcotte*, 233 Neb. 533, 539, 446 N.W.2d 228, 233 (1989), citing *State v. Bishop*, 224 Neb. 522, 399 N.W.2d 271 (1987), "because evidence of a defendant's intoxication would be lost if the police had to wait to obtain a search warrant, a warrantless arrest is valid." See, also, *Schmerber v. California*, 384 U.S. 757, 86 S. Ct. 1826, 16 L. Ed. 2d 908 (1966) (warrantless seizure of a blood sample from a suspected drunk driver appropriate because delay attendant to obtaining a warrant threatened the destruction of evidence due to the diminishment of the alcohol in the blood).

Wegener contends that his case is distinguishable from *Marcotte* because Lee and Cool testified that they did not feel the immediate arrest of Wegener was necessary to prevent the destruction or concealing of evidence. However, the jury could have found this testimony related to the intentional manipulation of the evidence, such as Wegener removing his vehicle or disposing of the beer bottles found at the scene.

In his second and last assignment of error, Wegener claims it was error to overrule his motion to dismiss. On a criminal defendant's motion to dismiss for insufficient evidence, the State is entitled to have all its relevant evidence accepted as true, the benefit of every inference reasonably drawn from the evidence, and every controverted fact resolved in its favor. *State v. Pierce*, 231 Neb. 966, 439 N.W.2d 435 (1989). In a criminal case, a trial court can direct a verdict only when there is a complete failure of evidence to establish an essential element of the crime charged, or the evidence is so doubtful in character and lacking in probative value that a finding of guilt based on such evidence cannot be sustained. *State v. Morley, ante* p. 141, 474 N.W.2d 660 (1991).

The evidence outlined earlier is more than enough to make

the issue of whether Wegener drove while under the influence of alcohol one of fact to be resolved by the jury.

There being no merit to either of Wegener's assignments of error, the judgment of the district court is affirmed.

AFFIRMED.